1 | ROBERT S. GERBER, Cal. Bar No. 137961
rgerber@sheppardmullin.com
2 | MICHAEL MURPHY, Cal. Bar No. 234695
mmurphy@sheppardmullin.com
3 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
4 |   Including Professional Corporations
12275 El Camino Real, Suite 200
5 | San Diego, California  92130-2006
Telephone:    (858) 720-8900/Facsimile: (858) 509-3691
6 |
Michael Friscia (*Pro Hac Admission to be Completed*)
7 | mfriscia@mccarter.com
Thomas Goodwin (*Pro Hac Admission to be Completed*)
8 | tgoodwin@mccarter.com
Jonathan Short (*Pro Hac Admission to be Completed*)
9 | jshort@mccarter.com
Mark Anania (*Pro Hac Admission to be Completed*)
10 | manania@mccarter.com
McCARTER & ENGLISH, LLP
11 | Four Gateway Center
100 Mulberry Street
12 | Newark, New Jersey  07102
Telephone:    (973) 622-4444/Facsimile: (973) 624-7070
13 |
Attorneys for Defendant/Counter-Plaintiff
14 | EXCELSIOR MEDICAL CORPORATION

15 |              UNITED STATES DISTRICT COURT

16 |           SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17   IVERA MEDICAL CORPORATION, | Case No. 3:11-cv-01115-H-JMA |
| 18        Plaintiff, | **DEFENDANT EXCELSIOR MEDICAL CORPORATION'S ANSWER AND COUNTERCLAIMS** |
| 19   v. | |
| 20   EXCELSIOR MEDICAL CORPORATION, | **JURY TRIAL DEMANDED** |
| 21 | |
| 22        Defendant. | |
| 23   EXCELSIOR MEDICAL CORPORATION, | |
| 24 | |
| 25        Counter-Plaintiff, | |
| 26   v. | |
| 27   IVERA MEDICAL CORPORATION, | |
| 28        Counter-Defendant. | |

Defendant Excelsior Medical Corporation ("Excelsior") answers the complaint of plaintiff Ivera Medical Corporation ("Ivera") and asserts certain counterclaims as follows:

## PARTIES

1.      Excelsior lacks information sufficient to form a belief regarding the allegation that Ivera is a California corporation, and therefore denies the same.  Upon information and belief, the address given by Ivera as its "principal place of business" is UPS Store #0866.  Excelsior denies that this address is Ivera's principal place of business.

2.      Excelsior admits the allegations set forth in this paragraph and additionally states that Excelsior is a Delaware corporation.

## JURISDICTION

3.      Denied.

4.      Denied.

## BACKGROUND

5.      Excelsior lacks information sufficient to form a belief regarding the allegations in this paragraph and therefore denies the same.

6.      Excelsior admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,780,794 B2 (the "'794 patent"), entitled "Medical Implement Cleaning Device," on August 24, 2010 and that a copy of the '794 patent is attached to the Complaint as Exhibit A.  Except as expressly admitted, Excelsior lacks information sufficient to form a belief regarding the remaining allegations in this paragraph and therefore denies the same.

7.      Excelsior lacks information sufficient to form a belief regarding the allegations in this paragraph and therefore denies the same.

8.      Excelsior admits that it sells a product under the trademark SwabCap within the United States, but denies the remaining allegations of this paragraph.

1

## FIRST CAUSE OF ACTION

## COUNT I

## (INFRINGEMENT OF THE '794 PATENT)

9.     Excelsior incorporates herein by reference each and every response to paragraphs 1 through 8 above, as though set forth here at length.

10.   Denied.

11.   Denied.

12.   Denied.

13.   Denied.

## PRAYER FOR RELIEF

Excelsior denies that Ivera entitled to any of the relief requested in its Prayer for Relief and denies any allegations therein.

A.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

B.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

C.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

D.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

E.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

F.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

G.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

H.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

I.    Excelsior denies that Ivera is entitled to the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

Excelsior asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     Excelsior has not and is not infringing, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '794 patent.

## SECOND AFFIRMATIVE DEFENSE

2.     Any damages are limited by 35 U.S.C. §§ 286 and 287.

2

## THIRD AFFIRMATIVE DEFENSE

3.     Ivera's claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## EXCELSIOR'S PRAYER FOR RELIEF

WHEREFORE, Excelsior respectfully requests that the Court enter judgment against Ivera to include:

A.     Entering an order dismissing Ivera's Complaint, with prejudice, and denying Ivera the relief requested in the Complaint and any relief whatsoever.

B.     Enter judgment that Excelsior does not infringe, either directly or under the Doctrine of Equivalents, any valid and enforceable claim of the '794 patent.

C.     Enter judgment that one or more claims of the '794 patent are invalid.

D.     Awarding Excelsior all other such relief as the Court may deem just and proper.

## COUNTERCLAIMS

Counter-Plaintiff Excelsior Medical Corp. ("Excelsior") for its Counterclaims against Counter-Defendant Ivera Medical Corp. ("Ivera") hereby alleges as follows:

## PARTIES

1.     Excelsior is a Delaware corporation with its principal place of business at 1933 Heck Avenue, Neptune, New Jersey 07753.

2.     Ivera alleges that it is a California corporation with its principal place of business at 3525 Del Mar Heights Road, Suite 430, San Diego, California, 92130.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action involves claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

4.     This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction.

3

1    5.    This Court has personal jurisdiction over Ivera because, upon information

2 and belief, Ivera is a California corporation that allegedly has a principal place of business

3 within this judicial district.

4    6.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and

5 28 U.S.C. § 1400(b) because, upon information and belief, Ivera allegedly resides in this

6 judicial district.

7                              **BACKGROUND**

8    7.    Excelsior is a leading manufacturer and supplier of products used in the

9 medical field, including a luer access valve disinfection cap sold under the trademark

10 SwabCap.

11    8.    Ivera alleges that it manufactures, markets, and sells Curos® Port Protector, a

12 device that Ivera alleges disinfects and protects the entry port on certain types of valves

13 used with intravenous lines to help reduce bloodstream infections in hospital patients.

14    9.    Upon information and belief, Ivera claims to be the owner of U.S. Patent No.

15 7,780,794 issued on August 24, 2010 (the "'794 patent").  A true and correct copy of the

16 '794 patent is attached to Ivera's Complaint as Exhibit A.

17                           **THE CONTROVERSY**

18    10.    On or about May 6, 2011, Ivera filed a complaint for patent infringement

19 against Excelsior in the United States District Court for the Eastern District of Texas.  In

20 its complaint, Ivera alleges that Excelsior's SwabCap products infringe the '794 patent.

21 The case was captioned *Ivera Medical Corp. v. Excelsior Medical Corp.*, Civil Action No.

22 6:11-cv-0220-LED (the "Texas Action").

23    11.    Ivera served its complaint in the Texas Action on Excelsior on or about May

24 10, 2011.

25    12.    However, on May 23, 2011, before Excelsior's answer came due, Ivera filed

26 a Notice of Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(1) dismissing its complaint against

27 Excelsior without prejudice.

28

W02-WEST:DK4\403643530.1

Case No. 3:11-cv-01115-H-JMA
DEFENDANT EXCELSIOR MEDICAL
CORP'S ANSWER AND COUNTERCLAIMS

1    13.    On or about May 20, 2011, prior to dismissing the Texas Action, Ivera filed

2 the immediate action for patent infringement against Excelsior in this District (the

3 "Immediate Action").

4    14.    In its complaint in the Immediate Action, Ivera again alleges that Excelsior's

5 SwabCap products infringe the '794 patent.

6    15.    Accordingly, there is an actual, substantial and continuing justiciable case

7 and controversy between Excelsior and Ivera regarding the '794 patent, over which this

8 Court can and should exercise jurisdiction, and declare the rights of the parties.  Excelsior

9 is therefore entitled to bring and maintain these counterclaims for declaratory judgment.

10 28 U.S.C. §§ 2201.

11                          **COUNT I**

12              **(Declaratory Judgment of Non-Infringement of the '794 Patent)**

13    16.    Excelsior incorporates the allegations of paragraphs 1-15 as if set forth

14 herein in full.

15    17.    Excelsior has not and is not infringing, either literally or under the Doctrine

16 of Equivalents, any valid and enforceable claim of the '794 patent.

17    18.    Excelsior is therefore entitled to a declaratory judgment that it has not and is

18 not infringing any valid and enforceable claim of the '794 patent.

19                          **COUNT II**

20              **(Declaratory Judgment Of Invalidity of the '794 Patent)**

21    19.    Excelsior incorporates the allegations of paragraphs 1-18 as if set forth

22 herein in full.

23    20.    One or more of the claims of the '794 patent are invalid for failure to meet

24 one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et*

25 *seq*.

26    21.    Excelsior is therefore entitled to a declaratory judgment that one or more of

27 the claims of the '794 patent are invalid.

28

W02-WEST:DK4\403643530.1                               Case No. 3:11-cv-01115-H-JMA
                                                    DEFENDANT EXCELSIOR MEDICAL
                                            CORP'S ANSWER AND COUNTERCLAIMS

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Excelsior respectfully requests that the Court enter judgment

3    against Ivera to include:

4          A.      Declaring that Excelsior has not infringed, either directly or under the

5    Doctrine of Equivalents, any valid and enforceable claim of the '794 patent;

6          B.      Declaring that one or more of the claims of the '794 patent are invalid; and

7          C.      Awarding Excelsior all other such relief as the Court may deem just and

8    proper.

9

## **DEMAND FOR JURY TRIAL**

10          Defendant/Counter-Plaintiff Excelsior hereby demands a jury trial as to all issues

11    that are so triable.

12    Dated:  June 17, 2011              Respectfully submitted,

13                                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14
                                         By:          s/ *Robert S. Gerber*
15                                                  ROBERT S. GERBER
                                             Attorneys for Defendant/Counter-Plaintiff
16                                           EXCELSIOR MEDICAL CORPORATION
17                                           E-mail:  rgerber@sheppardmullin.com

18

19

20

21

22

23

24

25

26

27

28

6

1

CERTIFICATE OF SERVICE

2          The undersigned hereby certifies that a true and correct copy of the above and

3  foregoing document has been served on June 17, 2011 to all counsel who are deemed to

4  have consented to electronic service via the Court's CM/ECF system per Civil Local Rule

5  5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or

6  overnight delivery.

7

8

9                                                                    s/ *Robert S. Gerber*
                                                                  ROBERT S. GERBER (SBN 137961)
10                                                                 E-mail:  rgerber@sheppardmullin.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. 3:11-cv-01115-H-JMA
DEFENDANT EXCELSIOR MEDICAL
CORP'S ANSWER AND COUNTERCLAIMS