# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVERA MEDICAL CORPORATION,<br><br>    Plaintiff-Counterdefendant,<br><br>vs.<br><br>EXCELSIOR MEDICAL CORPORATION,<br><br>    Defendant-Counterplaintiff. | Case Nos.  11-cv-1115-H (RBB)<br>            12-cv-1581-H (RBB)<br><br>**ORDER ON PARTIES' STIPULATION OF DISMISSAL AND DEADLINE TO SEEK FEES AND COSTS**<br><br>[Doc. No. 129.] |

In this consolidated patent infringement action, Plaintiff asserts three claims against Defendant for infringing U.S. Patent Nos. 7,780,794 ("the '794 patent"), 7,985,302 ("the '302 patent"), and 8,206,514 ("the '514 patent") (collectively, the "patents-in-suit"). (See [1115][1] Doc. No. 21, First Amended Complaint; [1581][2] Doc. No. 6, First Amended Complaint.)  Defendant asserted counterclaims that it did not infringe the patents-in-suit, that the patents-in-suit are invalid, and that the patents-in-suit are unenforceable due to inequitable conduct. (See [1115] Doc. No. 24;

---

[1] "[1115]" refers to Ivera Medical Corporation v. Excelsior Medical Corporation, No. 11-cv-1115-H.

[2] "[1581]" refers to Ivera Medical Corporation v. Excelsior Medical Corporation, No. 12-cv-1581-H.

[1581] Doc. No. 9.) On April 29, 2014, the Court granted summary judgment for Defendant and invalidated the patents-in-suit for obviousness under 35 U.S.C. § 103(a). ([1115] Doc. No. 119.) On June 5, 2014, the Court ordered the parties to show cause why it should not deny all pending claims as moot. (Id. Doc. No. 128.) On June 9, 2014, the parties filed a joint stipulation to dismiss Defendant's pending counterclaims without prejudice and request preserve their rights to seek attorneys' fees after appellate review of the Court's order. (Doc. No. 129.)

The Court, for good cause shown, grants the stipulated dismissal and enters judgment for Defendant Excelsior. Fed. R. Civ. P. 41(a). The Court dismisses without prejudice Defendant's noninfringement and unenforceability counterclaims. The Court further orders as follows:

1. The Court permits the parties to seek attorneys' fees and costs under Federal Rule of Civil Procedure 54 after appellate review; and

2. The Court enters final judgment for Defendant Excelsior.

**IT IS SO ORDERED.**

DATED: June 11, 2014

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT